**Harry J. TERRELL, Appellant**

v.

**Director Kathleen HAWK, Federal Bureau of Prisons; Mickey Ray; Director, Federal Bureau of Prisons Northeast Regional Office; Warden Zenk, FCI Allenwood; William H. Lane, Supervisor of Education, FCI Allenwood; T. Shimkus, Unit Manager, FCI Allenwood; Q. Blanton, Supervisor of Recreation, FCI Allenwood; D. Wolever, Recreation Specialist, FCI Allenwood.**

No. 05–2642.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 9, 2005.

Decided Oct. 26, 2005.

281

Harry J. Terrell, Cumberland, MD, pro se.

Jennifer J. Clark, Office of United States Attorney, Scranton, PA, for Appellee.

Before ALITO, McKEE and AMBRO, Circuit Judges.

OPINION

PER CURIAM

Appellant Harry J. Terrell, proceeding *pro se*, appeals the April 14, 2005, order of the United States District Court for the Middle District of Pennsylvania granting the defendants' summary judgment. For the reasons that follow, we will summarily affirm the order of the District Court.

The parties are familiar with the facts, so we will only briefly revisit them here. In February 2002, Terrell filed the underlying complaint in the District Court. In his complaint, Terrell alleged that upon his arrival at FCI–Allenwood, the defendants allowed him to store art supplies, including paints, pencils, brushes, and canvasses, in the prison art room. Terrell further alleged in his complaint that in February 2000, in violation of BOP regulations, the defendants negligently confiscated and destroyed some of the art supplies he had stored in the art room, including two completed paintings. Although Terrell estimated the value of the supplies at $ 2000.00, in his complaint he sought $ 2.5 million in compensatory and punitive damages for the confiscation and destruction of his property.

The District Court initially construed Terrell's complaint as one filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and on October 29, 2002, dismissed the action, finding Terrell's claims to be either untimely or without merit. On appeal, this Court agreed with the District Court that Terrell had failed to state a viable *Bivens* claim, but vacated the October 29, 2002, order and remanded the matter for consideration of Terrell's complaint under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA").

Following remand, the defendants filed a motion to dismiss, or, in the alternative, for summary judgment. On April 14, 2005, after concluding that it lacked subject matter jurisdiction over Terrell's action pursuant to 28 U.S.C. § 2680(a), the District Court granted the defendants' motion for summary judgment. In the alternative, the District Court concluded that

Terrell failed to allege a negligence cause of action. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an order granting summary judgment. *McLeod v. Hartford Life and Acc. Ins. Co.*, 372 F.3d 618, 623 (3d Cir. 2004). As the District Court explained, summary judgment is appropriate if "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). We may affirm the District Court on any grounds supported by the record. *See Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir.2000) (en banc). Because this appeal presents "no substantial question," *see* 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's April 14, 2005, order.

In general, the United States enjoys sovereign immunity from lawsuits seeking monetary damages. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). The FTCA constitutes a waiver of that immunity for injuries "caused by the negligent or wrongful act or omission of any employee of the Government, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, the FTCA is subject to a number of exceptions, including the discretionary function exception contained in § 2680(a).

In relevant part, the discretionary function exception provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty ... whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Whether the discretionary function exception bars suit against the United States depends upon two factors. *See Berkovitz*

*v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 363 (3d Cir. 2001). First, it must be determined that no "federal statute, regulation or policy specifically prescribes a course of action" to be taken by an employee. *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954. Second, if an employee retains judgment as to whether to pursue a particular course of action, a court must next determine whether the decision to act is "susceptible to policy analysis." *United States v. Gaubert*, 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *see also Berkovitz*, 486 U.S. at 536–37, 108 S.Ct. 1954 (noting that the exception represents the desire of Congress to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort) (citations and quotations omitted).

When Terrell's art supplies were allegedly confiscated and destroyed in February 2000, BOP Program Statement 5370.08 provided that, to reduce fire hazards and to conserve space, unidentified abandoned or completed "art and hobbycraft items" were "subject to removal and disposal at the discretion of an institution's administration." Thus, while BOP Program Statement 5370.08 directed the method of disposal for marked items, the regulation did not articulate a mandatory course of action for prison administrators and employees to follow when confronted with unidentified (Terrell does not dispute that his art supplies were "unidentified"), abandoned or completed art supplies. Instead, the plain language of the regulation indicates that such decisions were clearly discretionary in nature. Moreover, BOP Prison Statement 5370.08 implicates a number of public policy considerations, such as inmate safety, general concerns for

prison safety, and the effective use of limited resources. Because both factors of the discretionary function exception were met here, the District Court correctly concluded that it lacked subject matter jurisdiction over Terrell's complaint.

Finally, even if jurisdiction were not lacking under the discretionary function exception, or the due care exception as the District Court found, *see* 28 U.S.C. § 2680(a), we agree with the District Court that Terrell's claim would fail on the merits.

For the foregoing reasons, we will summarily affirm the District Court's April 14, 2005, order.